**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KATHY DORIS ALSTON,**

        **Plaintiff,**

**-vs-**                                    **Case No. 6:11-cv-1758-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

**MEMORANDUM OPINION AND ORDER**

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for Supplemental Security Income benefits under the Social Security Act. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

# Procedural History

Plaintiff applied for Social Security Disability Insurance benefits and Supplemental Security Income under Title II and XVI of the Social Security Act, 42 U.S.C. §§ 416, 423 (R. 210-217). The Title II claim was denied on September 1, 2006, because the Plaintiff was not insured for Disability Insurance Benefits. The Supplemental Security Income claim was denied at the initial and reconsideration levels (R. 127-8, 130-2). Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ") (R. 133, 82-90). The hearing, however, was brief and did not address the merits, as Plaintiff was granted time to obtain counsel. A second administrative hearing was held (R. 57-81), and an unfavorable decision was issued on July 13, 2009 (R.105-15). A Request for Review of a Hearing Decision was filed with the Appeals Council, and on May 13, 2010 the case was remanded to the ALJ for further review (R. 116-122).

On remand, a third hearing was held (R. 32-55), and, on August 23, 2010, an unfavorable decision was issued (R. 14-31). As the Appeals Council declined Plaintiff's Request for Review (R. 1-7), the ALJ's decision became the final decision of the Commissioner. Plaintiff filed her complaint in this Court (Doc. 1) and the parties consented to the jurisdiction of the undersigned United States Magistrate Judge. The case is now ripe for review. *See* 42 U.S.C. § 405(g), 42 U.S.C. § 1383(c)(3).

## Nature of Claimed Disability

Plaintiff claims to be disabled as of August 25, 2006, due to rheumatism in her joints, pain in her lower back, and a bothersome right knee (R. 241, 272).

*Summary of Evidence*

Plaintiff was 43 at the time of her application and age 47 when the ALJ issued his decision (R. 210), with a high school education and past relevant work experience as a citrus grader and housekeeper (R. 62, 240-2).

Plaintiff's pertinent medical history is set forth in detail in the ALJ's decision and, in the interests of privacy and brevity, is set forth in this opinion only as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert, written forms and reports completed by Plaintiff, and opinions from examining and non-examining consultants. By way of summary, the ALJ determined that Plaintiff had the following severe impairments: 1) Lumbar spine disorder, 2) Bilateral knee osteoarthritis, 3) Rheumatoid arthritis and 4) Obesity (R. 20), and the record supports this uncontested finding. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926), and found that Plaintiff had the residual functional

capacity ("RFC") to perform light work (R. 20-21).[1] The ALJ found that Plaintiff could not return to her past relevant work (R. 26), but relied on vocational expert ("VE") testimony and the Medical Vocational Guidelines ("grids"), 20 C.F.R. pt. 404, subpt. P, app. 2 § 202.18, to conclude that Plaintiff could perform other jobs existing in significant numbers in the national economy and was, therefore, not disabled (R. 26-7).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d

---

[1] The ALJ found that "[t]he claimant can lift and carry 20 pounds occasionally and 10 pounds frequently, sit, stand or walk for about six hours in an eight-hour workday, occasionally climb ramp and stairs, stoop and crouch but never climb ladders, ropes or scaffolds." (R. 21).

at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

On review, Plaintiff raises two issues: whether the ALJ "erred in determining that the claimant has the residual functional capacity to perform light work with some additional limitations when the examining consultative physician opined that the claimant could not perform that level of work," and whether the ALJ erred in relying on the testimony of the Vocational Expert, in light of the consultative opinion.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). Here, the ALJ determined at Step 5 that Plaintiff could perform work in the national economy. The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

*Opinion Evidence and the RFC*

As noted by Plaintiff, the RFC assessment should be based upon all of the relevant evidence of a claimant's remaining ability to do work despite his impairments. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Here, the sole objection raised by Plaintiff to the ALJ's RFC finding involves the interpretation and weight given to the opinion of Dr. Alex Perdomo, the examining consultant.

In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id.* (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).) Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, *supra; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also*

-5-

*Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2).

The record indicates that Dr. Perdomo conducted a physical consultative examination of the claimant on October 30, 2006 (R. 303). According to his report, Plaintiff presented with a history of back pain following an injury. On examination, there was no edema of the extremities. There was limited range of motion of the hips and Plaintiff squatted only halfway due to complaints of pain, but she was able to stand on her toes without any major problems. Dr. Perdomo found decreased range of motion of the lumbar spine with mild tenderness but straight leg raising tests were negative. There were no neurological deficits or atrophy noted. Dr. Perdomo's diagnoses included history of chronic low back pain with moderate musculoskeletal functional limitation, herniated lumbar disc by history, dyslipidemia and obesity. Dr. Perdomo opined that the claimant could benefit from weight loss, physical therapy, home exercise program for back conditioning, and aggressive pain management control (R. 303-4).

As for functional limitations, Dr. Perdomo found: "She can stand, walk, and sit for four hours in an eight-hour workday with normal breaks. She can occasionally lift and carry, but should limit the weightlifting to no more than twenty pounds. She should also avoid repetitive bending, stooping or crouching." (R. 304). The ALJ gave moderate weight to this opinion, finding it "somewhat consistent with the medical evidence in its entirety" (R. 25).

Plaintiff argues that the ALJ mischaracterized Dr. Perdomo's opinion that Plaintiff could "stand, walk, and sit" for four hours. In his decision, the ALJ stated: "Dr. Perdomo opined that the claimant was able to stand/walk for 4 hours **and** sit for four hours in and eight-hour workday with normal breaks, and lift and carry occasionally no more than 20 pounds." (R. 25 emphasis added). Plaintiff, however, interprets the opinion to mean she could **either** stand, walk, **or** sit for a **total** of four hours. While not crystal clear, Dr. Perdomo stated that Plaintiff could perform each of these tasks ("and" not "or") for four hours "in an eight-hour workday with normal breaks." (R. 304). If Plaintiff's work capacity totaled only four hours regardless of activity, the reference to the eight hour workday with normal breaks would be superfluous.

More importantly, however, even if Dr. Perdomo did, in fact, opine that Plaintiff was so limited, there is no showing that the failure to fully credit the opinion was error. Dr. Perdomo was not a treating source, so his opinion is not presumptively entitled to great weight. *See McSwain v. Bowen,* 814 F.2d 617, 619 (11th Cir. 1987) (noting that certain opinions "are not entitled to deference because as one-time examiners they were not treating physicians."). While the ALJ was required to consider and evaluate the opinion, the record shows that he did so, giving only partial credit to the opinion (finding it to be only "somewhat" consistent with the medical evidence) and finding that the RFC (which included an ability to sit for six hours, not four) was supported by other opinions from treating and non-treating sources. To the extent Plaintiff's interpretation of Dr. Perdomo's opinion is inconsistent with the RFC, there is error only if the RFC is not otherwise supported by substantial evidence. As summarized in the ALJ's decision, the RFC is adequately supported.[2] As it is not the

---

[2] For example, in May 2009, Plaintiff presented to Dr. Nitin Haté for another physical consultative examination (R. 348-356). Dr. Haté noted that the physical examination was entirely normal, but an x-ray of the right knee may be helpful (R. 350). Dr. Haté opined that the claimant had no work-related limitations. (R. 351-356). The records of the treating physician also support the findings. Primary care physician Dr. Hitawala noted normal exam findings at Plaintiff's visits between January 2005 and December 2006 (R. 306-18), and at Plaintiff's visits between June 2009 and February 2011 (R. 357-60, 369-383, 404-407). In July and October 2010, Plaintiff could walk and had full range of motion, although she complained of pain in her knees with motion (R. 374). Also in July 2010, Dr. Hitawala recommended exercise as treatment for Plaintiff's obesity (R. 378). The x rays and MRI results also support the RFC.

task of the Court to reweigh the evidence or to opine if the evidence could support an alternative result, the finding should not be disturbed.

*Vocational Expert*

Plaintiff next contends that the hypothetical presented to the Vocational Expert is flawed in that it did not include the limitations of four hours on sitting found by Dr. Perdomo. "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart,* 284 F.3d 1219, 1227 (11th Cir. 2002). An ALJ, however, is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported." *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1161 (11th Cir. 2004). Here, as shown above, the ALJ did not credit the four hour limitation found by Dr. Perdomo, and that conclusion is supported by adequate evidence. As such, it was not error for the ALJ to exclude it from the hypothetical.

A final note is in order. Although it is evident that Plaintiff has challenges and difficulties, the only issue before the Court is whether the decision by the Commissioner is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, it must affirm the decision.

## Conclusion

For the reasons set forth above, the administrative decision is **AFFIRMED.** The Clerk is directed to enter judgment accordingly, terminate all pending matters, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on November 30, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record